IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TFHSP LLC, as Trustee of the Charisma 2428 Land Trust, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:17-cv-00442-O-BP |
| DEUTSCHE BANK NATIONAL TRUST CO., as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-NC1 Mortgage Pass-Through Certificates, Series 2007-NC1, 1761 East St. Andrews Place, Santa Ana, CA 92705, | § § § § § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Motion for Judgment on the Pleadings (ECF No. 6), filed June 26, 2017. After Plaintiff failed to respond to Defendant's Motion, the Court ordered Plaintiff to file a motion for extension of time to file its response, showing good cause for its failure to file a timely response, and cautioning Plaintiff that failing to respond to Defendant's Motion could result in the Court recommending dismissal of the case. ECF No. 14. Defendant filed a Notice of No Response (ECF No. 13) concerning the Motion on July 19, 2017 and a Notice of Non-Compliance (ECF No. 15) concerning the Court's Order on August 10, 2017. As of the date of this Findings, Conclusions, and Recommendation, Plaintiff has not filed a response to Defendant's Motion.

Based upon a full review of the relevant pleadings on file and the applicable legal authorities, the undersigned RECOMMENDS that United States District Judge Reed O'Connor

1

GRANT Defendant's Motion to Dismiss (ECF No. 6) and DISMISS Plaintiff's claims with prejudice.

## I. BACKGROUND

This diversity case was removed from the 236th Tarrant County District Court on May 4, 2017. ECF. No. 1-1 at 3. Plaintiff TFHSP LLC, as Trustee of the Charisma 2428 Land Trust, brings a claim against Defendant Deutsche Bank National Trust Company for equitable redemption. *Id*. The Court construes Plaintiff's Petition as seeking declaratory and injunctive relief concerning the foreclosure sale of the real property located at 2428 Charisma Drive, Fort Worth, Texas 76131 ("Subject Property"). *See Id.* at 6. Additionally, Plaintiff's Petition requests the Court to quiet title to the Subject Property in the event that Defendant fails to answer or provide the necessary information in order to exercise Plaintiff's right of equitable redemption. *Id.* at 7.

On or about September 25, 2006, Stacy E. Kirkpatrick and Ricki G. Kirkpatrick executed a purchase-money Deed of Trust and acquired title to the Subject Property. *Id.* at 5. On April 5, 2011, the Deed of Trust was assigned to Defendant. ECF No. 7. Plaintiff contends that it acquired title to the Subject Property on or about July 5, 2016 through a homeowners' association assessment lien foreclosure sale. *Id*. Plaintiff now seeks to assert its right as a vested title holder and wishes to discharge the liens against the Subject Property, specifically, the lien interest asserted by the Defendant.

## II. LEGAL STANDARD AND ANALYSIS

The standard for dismissal under Rule 12(c) is the same standard for dismissal for failure to state a claim under Rule 12(b)(6)." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007) (citing *Johnson v. Johnson,* 385 F.3d 503, 529 (5th Cir. 2004)). The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled

to relief[.]" Fed. R. Civ. P. 8(a). Accordingly, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering such dismissals, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Bell Atl. Corp.*, 550 U.S. at 547).

A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). The complaint must contain facts that support the claim for relief. The court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted). A complaint, therefore, is not sufficient if it merely contains "naked assertions" devoid of factual enhancement. *Ashcroft v. Iqbal*, 129 U.S. 556, 678 (2009).

"Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). Therefore, in ruling on a motion to dismiss, courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "The court may judicially

notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### A. Claims for Equitable Redemption

Plaintiff's Original Petition seeks a declaration from the Court that Defendant be required to "provide to Plaintiff sufficient information to enable Plaintiff to exercise its equitable right of redemption." ECF No. 1-1 at 6. Equitable redemption is the right to redeem property subject to foreclosure within a reasonable time of default by paying off the full amount owed on the mortgage. *See Scott v. Dorothy B. Schneider Estate Trust*, 783 S.W.2d 26, 28 (Tex. App.—Austin, 1990 no writ). Defendant asserts that Plaintiff's Petition fails to allege sufficient facts to support a claim for equitable redemption. ECF No. 6.

"To properly state a claim for the equitable right of redemption, a plaintiff must show [it]: (1) has an equitable or legal right to the property; (2) based on that interest in the property, would suffer a loss from foreclosure; and (3) 'is ready, able or willing to redeem the properties in controversy by paying off the amount of valid and subsisting liens to which the properties [are] subject.'" *330 Cedron Trust v. Citimortgage, Inc.*, No. SA-14-CV-933-XR, 2015 WL 1566058, at *3 (W.D. Tex. Apr. 8, 2015) (quoting *Houston v. Shear*, 210 S.W. 976, 981 (Tex. App.—Austin 1919, writ dism'd) (citation omitted)).

Though Plaintiff claims it is "ready, willing, and able to exercise its right of equitable redemption[,]" this bald assertion is insufficient to meet the pleadings requirements for equity of redemption. ECF No. 1-1 at 4. Plaintiff provides no information or facts regarding "the value of such lien, how [it] would pay, its own net worth or assets, etc." *See 330 Cedron Trust*, No. SA-14-CV-933-XR, 2015 WL 1566058, at *3. Thus, based on the conclusory allegations pleaded, the

4

Court cannot infer that Plaintiff's right to relief is plausible. When asserting a claim for equitable redemption, "a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note." *Kingman Holdings, LLC, v. BAC Home Loans Servicing, LP*, No. 4:10-cv-693, 2011 WL 1882269, at *4 (E.D. Tex. Apr. 21, 2011) (quoting *Fillion v. David Silvers Company*, 709 S.W.2d 240, 246 (Tex. App—Houston [14th Dist.] 1986, writ re'd n.r.e.)). Under Texas law, "[t]ender of whatever sum is owed on the mortgage debt is a condition precedent" to recovery of title. *Id.* at *4 (citing *Fillion*, 709 S.W.2d at 246) (citation omitted).

Plaintiff does not offer sufficient facts to support its claim for equitable redemption. Plaintiff alleges no facts that demonstrate its ability to pay the amount owed to Defendant. Plaintiff has tendered no amount of funds into the registry of the Court. The conclusory statement that Plaintiff is "ready, willing, and able to exercise its right of equitable redemption[,]" is not enough to raise the right to relief above the purely speculative level. *See Twombly*, 550 U.S. at 555; ECF No.1 at 5. Accordingly, Plaintiff's equitable redemption claim should be dismissed.

**B. Claims for Declaratory and Injunctive Relief**

Although Plaintiff's Petition does not specifically seek declaratory and injunctive relief, the Court construes the pleading to request such remedies. Plaintiff seeks declaratory and injunctive relief contending that it has the right to pay any senior encumbrance and that Defendant has a duty to provide Plaintiff with sufficient information to be able to satisfy any senior liens. ECF No. 1-1 at 4. Defendant argues, however, that Plaintiff has no legal basis to obtain information or an accounting from Defendant regarding the senior lien. ECF No. 7. A defendant has "no obligation to provide information about the lien and the amount due to [the plaintiff] because [the plaintiff] was not a borrower under the mortgage secured by the Deed of Trust." *Morlock, LLC, v. Bank of Am., N.A.*, No. CIV.A H-14-1678, 2015 WL 136654, at *5 (S.D. Tex. Jan 9, 2015) (citing

*402 Lone Star Prop., L.L.C. v. Bank of Am., N.A.*, No. 03-13-00322-CV, 2014 WL 4058715, at *3 (Tex. App.—Austin, Aug. 12, 2014)).

A declaratory judgment action requires the parties to litigate some underlying claim or cause of action. A declaratory judgment is not itself a cause of action, only a form of relief the court may grant. *See Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 171 (5th Cir. 1990). Similarly, a request for injunctive relief is not a standalone claim, but instead depends on an underlying cause of action. *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Plaintiff's Petition asserts one substantive claim for equitable redemption, which fails to state a cause of action as previously discussed. Thus, Plaintiff's claims for declaratory and injunctive relief also should be dismissed because neither is an independent cause of action. *See Lindsey v. Ocwen Loan Servicing, LLC,* 3:10-CV-967-L, 2011 WL 2550833, at *6 (N.D. Tex. June 27, 2011).

### C. Claim for Quiet Title Action

Finally, Plaintiff's Petition requests the Court to quiet title to the Subject Property if the Defendant fails to answer or provide certain information requested by the Plaintiff. ECF No. 1-1 at 5. "To prevail on a suit to quiet title, a plaintiff must show that: (1) [it] has an interest in a specific property, (2) title to the property is affected by a claim from the defendant, and (3) the defendant's claim, although facially valid, is invalid or unenforceable." *Pickens v. U.S. Bank Nat. Ass'n*, No. 3:12-CV-2210-O-BK, 2013 WL 866171, at *8 (N.D. Tex. Jan. 8, 2013), *report and recommendation adopted,* No. 3:12-CV-2210-O, 2013 WL 869958 (N.D. Tex. Mar. 8, 2013). In a claim to quiet title, a "plaintiff must base [its] action on the strength of its own title, and not the weakness of [its] opponent's title." *In re Slusser*, 136 S.W.3d 245, 248 (Tex. App.—San Antonio

2004, no pet.); *see also Morlock, LLC, v. Bank of Am., N.A.*, 2014 WL 7506888 (S.D. Tex. Oct. 29, 2014) ("[P]laintiff must supply the proof necessary to establish [its] superior equity and right to relief.") (internal citations omitted).

Plaintiff alleges no facts in support of a quiet title claim. A plaintiff's failure to provide support for its own claim of title is fatal to a quiet title claim. *See Olaoye v. Wells Fargo Bank, N.A.*, 2012 WL 1082307, at *3 (N.D. Tex. 2012) (granting defendant's motion to dismiss where plaintiff's complaint contained no facts indicating that the plaintiff had superior title to the property and merely contained a conclusory statement that plaintiff was the legal and equitable owner of the property). Thus, Plaintiff's request to quiet title should be dismissed with prejudice.

## III.     CONCLUSION

Plaintiff failed to state sufficient facts to support its claims for equitable redemption. Because Plaintiff does not allege a valid independent cause of action, its claims for declaratory and injunctive relief fail as a matter of law. Plaintiff failed to plead a valid claim for the Court to quiet title to the Subject Property. Consequently, the undersigned RECOMMENDS that Judge O'Connor GRANT Defendant's Motion and dismiss Plaintiff's Petition with prejudice for failing to state a claim upon which relief may be granted.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing

7

before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed August 29, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE